3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
FILED
CLERK'S OFFICE
APR - 2 2019
U.S DISTRICT COURT
EASTERN MICHIGAN

RICHARD CHARLES GENTRY, #132047,

    Plaintiff,

v.

CASE NO. 2:19-CV-10959
HONORABLE STEPHEN J. MURPHY, III

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

## ORDER OF TRANSFER

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff Richard Charles Gentry is a state prisoner confined at the Lakeland Correctional Facility in Coldwater, Michigan and the events giving rise to this action occurred at that facility. In his complaint, Plaintiff alleges that he was hurt in a slip and fall accident in 2018 and raises claims concerning the adequacy of his subsequent medical care. He names Corizon Health, Inc., Dr. Ravi D. Yarid, Nurse Practitioner Tammy J. Kelley, and the State of Michigan (Michigan Department of Corrections) as the defendants in this action. He seeks injunctive relief and monetary damages.

Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general. A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v.M Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Construct. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

Plaintiff resides in Coldwater, Michigan, the defendants reside in Coldwater, Michigan and Lansing, Michigan, and the actions giving rise to the complaint occurred in Coldwater, Michigan. Coldwater, Michigan lies in Branch County and Lansing, Michigan lies in Ingham County, both of which are both located in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue is therefore proper in the

United States District Court for the Western District of Michigan, not this Court, and that district is also more convenient forum for this action.

Accordingly, pursuant to 28 U.S.C. §§ 1406(a) and 1404(a), and in the interests of justice, the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: April 2, 2019